**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EX PARTE APPLICATION OF | ) | |
| SONA ENTERPRISES DMCC FOR | ) | |
| AN ORDER PURSUANT TO 28 | ) | C.A. No. |
| U.S.C. § 1782 TO OBTAIN | ) | |
| DISCOVERY FOR USE IN | ) | |
| FOREIGN PROCEEDINGS | ) | |
| | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION
OF SONA ENTERPRISES DMCC FOR AN ORDER PURSUANT TO 28
U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS**

---

FBT GIBBONS LLP
Christopher Viceconte (No. 5568)
Jennifer M. Rutter (No. 6200)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
(302) 518-6322
cviceconte@fbtgibbons.com
jrutter@fbtgibbons.com

*Attorneys for Applicant
Sona Enterprises DMCC*

Dated:  June 18, 2026

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................ ii

PRELIMINARY STATEMENT .........................................................................1

FACTUAL BACKGROUND ...............................................................................2

LEGAL STANDARD...........................................................................................8

ARGUMENT .........................................................................................................9

    I.     THE APPLICATION SHOULD BE GRANTED BECAUSE IT MEETS THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782 ........................................................................................................9

    II.    THE APPLICATION SHOULD BE GRANTED BECAUSE THE *INTEL* FACTORS WEIGH IN SONA'S FAVOR ....................11

        A.    The First *Intel* Factor Weighs in Favor of Granting the Application............................................................................11

        B.    The Second *Intel* Factor Weighs in Favor of Granting the Application............................................................................12

        C.    The Third *Intel* Factor Weighs in Favor of Granting the Application............................................................................13

        D.   The Fourth *Intel* Factor Weighs in Favor of Granting the Application............................................................................13

CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of Temp. Servs. Ins. Ltd.*,
   2009 WL 2843258 (W.D.N.Y. Aug. 28, 2009) ...................................................12

*In re Bayer AG*,
   146 F.3d 188 (3d Cir. 1998), *as amended* (July 23, 1998) ...................................8

*In re FourWorld Capital Mgmt. LLC*,
   2024 WL 1637400 (D. Del. Apr. 16, 2024) .......................................................12

*In re Ex Parte Glob. Energy Horizons Corp.*,
   647 Fed. Appx. 83 (3d Cir. 2016).....................................................................13

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004) .............................*passim*

*In re King Mun.*,
   2023 WL 7074016 (D. Del. Oct. 26, 2023)..................................................*passim*

*Kulzer v. Esschem, Inc.*,
   390 Fed. Appx. 88 (3d Cir. 2010)......................................................................11

*In re Kuwait Ports Auth.*,
   2021 WL 5909999 (S.D.N.Y. Dec. 13, 2021) ....................................................13

*In re Liverpool Ltd. P'ship*,
   2021 WL 3793901 (D. Del. Aug. 26, 2021)........................................................9

*Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. § 1782*,
   2018 WL 5268125 (D. Del. Oct. 23, 2018).......................................................10

*In re Mota*,
   2020 WL 95493 (D. Del. Jan. 8, 2020) ...............................................................9

*In re Request From Vienna*, 2023 WL 6278815,
   (D. Del. Sept. 26, 2023) ...............................................................................9, 12

ii

**Statutes**

28 U.S.C. § 1782 ...................................................................................*passim*

Companies Act Section 116(c) (2026 Revision) ......................................................4

iii

Applicant Sona Enterprises DMCC, a company incorporated in the Dubai Multi Commodities Centre, United Arab Emirates ("Sona"), respectfully submits this Memorandum of Law in support of its *Ex Parte* Application for an Order under 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings (the "Application").

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 1782, Sona seeks discovery relating to both pending and contemplated proceedings before the Grand Court of the Cayman Islands related to its role as a shareholder in Trax Ltd., a Cayman Islands company ("Trax" or the "Company"). This Application seeks tailored discovery from Delaware entities for evidence in connection with Trax's sale or otherwise disposal of its image-recognition business and/or assets and the proposed or potential liquidation of Trax pursuant to pending proceedings in the Grand Court of the Cayman Islands (the "Cayman Proceedings"). Those entities are: Gemspring Capital, LLC; G-3 FRAX ACQUISITION LLC; G-3 FRAX AGGREGATOR LLC; G-3 FRAX HOLDCO LLC; G-3 FRAX INTERMEDIATE LLC; G-3 FRAX PARENT LLC; and WorldAPP, Inc. (the "Delaware Entities"). The Cayman Proceedings include a petition for the appointment of an official liquidator filed on June 16, 2026 in the Grand Court of the Cayman Islands (the "Petition")[1] and potential derivative or

---

[1] *See* Declaration of Christopher Viceconte, Ex. A.

fiduciary-duty claims arising from the disposal of Trax's image-recognition assets and the subsequent proposed or potential liquidation of Trax.

Sona respectfully requests that the Court grant its Application to obtain discovery from the Delaware Entities for use in the Cayman Proceedings.

## FACTUAL BACKGROUND

Sona is a minority shareholder in Trax, holding 190,000 ordinary shares that it acquired from T.C. Global Emporia Ltd ("Emporia") for consideration of $10,000,000 U.S. dollars pursuant to a share transfer dated January 31, 2025. At that time, Trax had a valuation of approximately $1.6 billion. *See* Declaration of Callum McNeil at ¶ 3. Approximately 12 months later, Sona learned that the major and apparently only profitable and valuable asset of Trax had been sold. *Id*. Sona only became aware of the asset sale via the press. *Id*.

Trax sent a Notice to Shareholders dated November 17, 2025, regarding "Project Thor" (the "Project Thor Notice"). The Project Thor Notice stated that the Company proposes to enter into an Equity Purchase Agreement pursuant to which the Company will sell the equity of certain businesses (the "Equity Assets") to G-3 Frax Acquisition, LLC, a Delaware limited liability company (the "Purchaser"), with Trax Global Holdings LLC, a Delaware limited liability company, being party to the transaction (the " Project Thor Transaction"). The proxy form seeking approval for disposal of Trax's assets did not disclose the value of the disposal, gave shareholders

2

only one week to consider the Project Thor Transaction, and included a provision that failure to vote by a stated deadline would be deemed consent to the Project Thor Transaction. Within that timeframe, on January 27, 2026, Sona sent a letter to Trax formally objecting to the Project Thor Transaction (the "Project Thor Objection"). Nonetheless, the Project Thor Transaction proceeded. *Id*. at ¶ 4.

Trax then sent a Notice to Shareholders dated May 21, 2026, regarding a proposed or potential voluntary liquidation (the "Liquidation") of Trax (the "VL Notice"). The proxy form proposed liquidation of Trax and similarly provided a limited timeframe to consent and included a provision that failure to vote by a stated deadline would be deemed consent. As a registered member of Trax, Sona was entitled to receive the VL Notice directly from Trax pursuant to Articles 119 and 120 of the Company's Amended and Restated Memorandum and Articles of Association. Trax did not send the VL Notice directly to Sona. Sona only became aware of the VL Notice following discussions with Emporia regarding Trax's recent sale of its image recognition business, in the course of which Emporia shared the VL Notice with Sona. No information has been provided to Sona directly, nor has information been provided to Emporia as to the sale process, the asset valuation, the sale price, the proceeds of that sale, the solvency position of the Company or what assets (if any) remain owned by the Company or if any distribution will be made to the shareholders. *Id*. at ¶ 5.

As has been communicated by Sona to Trax, the purported Liquidation is invalid as a matter of Cayman Islands law. Section 116(c) of the Companies Act (2026 Revision) (the "Act") requires a Special Resolution to wind up a company voluntarily.  Section 60 of the Act defines a Special Resolution as one passed either by a two-thirds majority (or greater) at a general meeting, or unanimously in writing by all members.  The deemed consent mechanism in Trax's Articles — under which a member's failure to object within 15 days is treated as consent — cannot constitute a unanimous written resolution, because it does not produce the signature of every member.  Sona is a member of Trax and does not consent.  In the absence of Sona's written agreement, unanimous consent cannot be achieved through any deeming provision.  It follows that the only valid route to a voluntary winding up is an extraordinary general meeting at which the requisite two-thirds majority is obtained. Without such a meeting, any purported resolution to wind up Trax will be void and of no legal effect.

On June 4, 2026, Sona objected to the VL Notice and any action taken or to be taken pursuant to the VL Notice or otherwise relating to a liquidation of the Company (the "Liquidation Objection," and together with the Project Thor Objection, the "Objections").  Then, on June 12, 2026, the directors of Trax issued a notice to the shareholders calling a shareholders' meeting to be held on June 17, 2026 where they proposed that the shareholders vote to place Trax into voluntary

4

liquidation.  In their notice, the directors stated that Trax is likely to be insolvent.  If Trax is indeed insolvent, then Sona's entire investment of $10 million has been lost. *Id*. at ¶ 6.

In response to this, on June 16, 2026, Sona filed the Petition, seeking that the Company be wound up on the grounds that it is just and equitable to do so and sent a letter to Trax's counsel enclosing a copy of the Petition.  *See* Declaration of Callum McNeil, Ex. A.  By way of short summary, Sona alleges in the Petition that it is just and equitable to wind up Trax because:

- The directors sought to invalidly place Trax into voluntary liquidation.  In doing so, the directors have acted unfairly and/or oppressively towards Sona and/or the affairs of the Company have been conducted with a lack of probity, and Sona has further and additionally justifiably lost confidence in the management of the Company.

- Sona has been denied information to which it is entitled as a shareholder and the affairs of the Company have been conducted in disregard of Sona's legitimate interests as a minority shareholder.

- There is a need for an independent investigation into the sale of Trax's assets to ensure that it was at fair value and for the interests of the Company and its shareholders as a whole, rather than one group of shareholders.  Such an investigation must be by an official court appointed and supervised liquidator

5

due to the invalidity of the directors' purported voluntary liquidation process, their clear intention to ignore the laws of the Cayman Islands and the Company's constitutional documents and its obligations under the separate shareholders' agreement, and their failure to conduct the affairs of the Company in accordance with good corporate governance standards for the benefit of the Company as a whole.

Sona needs evidence from the Delaware Entities in order to assist in the Cayman Proceedings, and any subsequent official liquidation, in order to investigate potential claims against the Company's directors and officers relating to the Project Thor Transaction and the Liquidation.  Public announcements state that Gemspring Capital acquired FORM and Trax Retail's image-recognition business and combined them into a "global retail execution and data intelligence software platform." *See* Declaration of Christopher Viceconte, Ex. B at 1; *see also id*., Exs. C-D.  Holland & Hart, which says it advised Trax, describes the transaction as Trax's "divestiture of its Image Recognition (IR) business to an affiliate of Gemspring Capital" and states that "the acquired unit will be merged with FORM."  *Id*., Ex. E.   FORM's own website describes the strategic merger between FORM and Trax's image-recognition business.  *Id*., Ex. F.  Moelis identifies its client in the FORM sale as WorldAPP, Inc. d/b/a Form.com, with the transaction described as a sale to Gemspring Capital LLC and merger with Trax Technology Solutions Pte Ltd.,

6

announced and closed on or around February 4, 2026. *Id*., Ex. G. FORM's own terms and conditions identify the relevant operating entity as WorldAPP Inc. operating under the FORM brand name. *Id*., Ex. H at 15.

Based on this publicly available information, it is Sona's understanding that the Delaware Entities are or may be parties to or otherwise affiliated with the Project Thor Transaction and subsequent corporate activity and the Liquidation. Sona has reason to believe that Trax's valuable image-recognition assets may have been transferred out of the Cayman Island company to the Delaware Entities in a manner that violated the fiduciary duties owed to Sona. Thus, Sona urgently requires evidence from the Delaware Entities for use in the Cayman Proceedings, to prevent the improper Liquidation, as well as to investigate and potentially assert claims for breach of fiduciary duty relating to the Project Thor Transaction and the Liquidation.

The competition between Sona's pending Petition to force a court-supervised official liquidation and the directors' efforts to place the Company into an unsupervised voluntary liquidation imposes a degree of urgency in this Application, because such evidence as might be obtained pursuant to this Application will be needed in any future court hearings in the Cayman Proceedings, which may be urgent if voluntary liquidators are appointed and they attempt to dispose of assets improperly and/or dissolve the Company. *See* Declaration of Callum McNeil at ¶ 11. Theoretically, the Company could be dissolved within 5 weeks of appointment of

the voluntary liquidators. *Id.* After the passage of a further 3 weeks, without further order the Cayman Court would no longer have power to restore the Company. *Id.* If that were to occur, then all potential for Sona to recover its investment would be lost. *Id.* Sona needs the evidence requested in this Application before assets, records, or claims are further dissipated or obscured through a liquidation of the Company.

## LEGAL STANDARD

"Section 1782 of Title 28 authorizes a district court, upon the application of any interested person, to order a person residing or found in this district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal." *In re King Mun.*, 2023 WL 7074016, at *3 (D. Del. Oct. 26, 2023) (citing 28 U.S.C. § 1782(a)) (cleaned up). *See also In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998), *as amended* (July 23, 1998). If these "statutory conditions are satisfied, the court then determines in its discretion whether the requested discovery should be allowed, taking into consideration certain factors identified by the Supreme Court in *Intel*." *In re King Mun.*, 2023 WL 7074016, at *10-11 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263-64, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)).

The *Intel* factors are "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the

8

nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *Id.* at *11 (citation omitted).

"Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can 'raise[] objections and [otherwise] exercise[] their due process rights by motions to quash.'" *In re Mota*, 2020 WL 95493, at *1 (D. Del. Jan. 8, 2020) (quoting *In Re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)).

## **ARGUMENT**

### I. THE APPLICATION SHOULD BE GRANTED BECAUSE IT MEETS THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

Sona satisfies the statutory requirements under Section 1782. First, because all of the Delaware Entities are organized or incorporated under the laws of the State of Delaware, there can be no dispute that they are "found" in this District. *See In re Liverpool Ltd. P'ship*, 2021 WL 3793901, at *1 (D. Del. Aug. 26, 2021) ("BAC is a Delaware corporation and therefore it resides and is found in this District."); *In re Request From Vienna*, 2023 WL 6278815, at *2 (D. Del. Sept. 26, 2023) ("With respect to the first condition, it is undisputed that Sandoz Inc. is a Delaware

9

corporation and that it therefore resides within this district for § 1782 purposes.”).

Sona meets the second requirement, because it intends to use the requested discovery in the Cayman Proceedings, both as to the prosecution of the Petition that is currently pending as well as to investigate and prepare reasonably contemplated derivative or fiduciary duty claims arising from the disposal of Trax's image-recognition assets and the subsequent proposed or potential liquidation of Trax in the Cayman Islands, which is a foreign tribunal. *See Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. § 1782*, 2018 WL 5268125, at *2 (D. Del. Oct. 23, 2018) (“While a proceeding need not be pending, nor even imminent to permit grant of an application under § 1782, … the applicant must show that a foreign proceeding is within “reasonable contemplation.”); *Intel*, 542 U.S. at 243 (“The ‘proceeding’ for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be ‘pending’ or ‘imminent.’”).

Sona meets the third statutory requirement, because it is a party to the Cayman Proceedings and it is directly affected by the misconduct that has been and will be alleged therein. As such, Sona is an interested person pursuant to 28 U.S.C. § 1782. *See Intel*, 542 U.S. at 256 (“No doubt litigants are included among, and may be the most common example of, the ‘interested person[s]’ who may invoke § 1782”).

Accordingly, the three statutory requirements for an application under 28 U.S.C. § 1782 are satisfied.

**II.   THE APPLICATION SHOULD BE GRANTED BECAUSE THE *INTEL* FACTORS WEIGH IN SONA'S FAVOR**

The discretionary factors set forth in *Intel* weigh in favor of granting Sona's Application for discovery from the Delaware Entities for use in the Cayman Proceedings.

**A.   The First *Intel* Factor Weighs in Favor of Granting the Application**

The first *Intel* factor addresses "whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid." *In re King Mun.*, 2023 WL 7074016, at *3. "[N]onparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. at 244. Here, the Delaware Entities are not parties to the Cayman Proceedings, and the discovery sought from the Delaware Entities in this Application is not within the jurisdictional reach of the Grand Court of the Cayman Islands. *See, e.g.*, *Kulzer v. Esschem, Inc.*, 390 Fed. Appx. 88, 92 (3d Cir. 2010) ("Indeed, Heraeus's application to the federal court with jurisdiction over non-party Esschem is arguably more compelling than if it were seeking party discovery."). Therefore, Sona requires the grant of its Application to gain access to the discovery it seeks from the Delaware Entities for use in the Cayman Proceedings.

B.       **The Second *Intel* Factor Weighs in Favor of Granting the Application**

The second *Intel* factor addresses "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *In re King Mun.*, 2023 WL 7074016, at *3. The Court considers "whether the foreign court would consider the evidence revealed from a § 1782 order" and the burden is "on the party opposing the discovery request" to demonstrate that the foreign court would not consider such discovery. *In re FourWorld Capital Mgmt. LLC*, 2024 WL 1637400, at *5 (D. Del. Apr. 16, 2024) (citations omitted). Indeed, "it is not the job of the district court 'to determine whether *particular* evidence would be admissible in a foreign court' and instead it "should direct its inquiry 'generally [to] the receptivity to U.S. federal-court judicial assistance.'" *In re Request From Vienna*, 2023 WL 6278815, at *5 (D. Del. Sept. 26, 2023) (citations omitted) (emphasis in original).

Here, there is no evidence that the Cayman Islands would reject any evidence obtained pursuant to this Application, and there is evidence that it would affirmatively consider the discovery. *See* Declaration of Callum McNeil at ¶¶ 13-14. *See also In re Application of Temp. Servs. Ins. Ltd.*, 2009 WL 2843258, at *2 (W.D.N.Y. Aug. 28, 2009) ("It is difficult to perceive any reason why the Cayman Islands would not welcome this Court's assistance in discerning this information.");

12

*In re Kuwait Ports Auth.*, 2021 WL 5909999, at *10 (S.D.N.Y. Dec. 13, 2021) ("[T]he weight of authority reflects that Cayman courts are generally receptive to judicial assistance from federal courts"). Therefore, this factor weighs in favor of authorizing the requested discovery.

### C.    The Third *Intel* Factor Weighs in Favor of Granting the Application

The third *Intel* factor addresses "whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *In re King Mun.*, 2023 WL 7074016, at *3. The requested discovery is clearly not an end-run around foreign discovery laws or policies, because it is of the same type of discovery that would be available in the Cayman Islands and which will likely be admissible in the Cayman Proceedings. *See* Declaration of Callum McNeil at ¶ 14.

### D.    The Fourth *Intel* Factor Weighs in Favor of Granting the Application

The fourth *Intel* factor addresses "whether the subpoena contains unduly intrusive or burdensome requests." *In re King Mun.*, 2023 WL 7074016, at *3. "Thus, assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules." *In re Ex Parte Glob. Energy Horizons Corp.,* 647 Fed. Appx. 83, 86 (3d Cir. 2016). Here, the requested discovery is not unduly intrusive or burdensome. It is tailored to the evidence

13

necessary to allow for a full investigation of the Project Thor Transaction and the Liquidation before assets, records, or claims are further dissipated or obscured.

## CONCLUSION

For all of the foregoing reasons, Sona respectfully requests that the Court grant its application pursuant to 28 U.S.C. § 1782 and enter the attached order authorizing Sona to serve its proposed subpoenas, in substantially the same form as submitted herewith as Exhibit 1, on the Delaware Entities.

Dated: June 18, 2026                    FBT GIBBONS LLP

/s/ *Christopher Viceconte*
Christopher Viceconte (No. 5568)
Jennifer M. Rutter (No. 6200)
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801
(302) 518-6322
cviceconte@fbtgibbons.com
jrutter@fbtgibbons.com

*Attorneys for Applicant*
*Sona Enterprises DMCC*

14