# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| In re Sona Enterprises DMCC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                    [Delaware Entities]

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Attachment.

| Place:  300 Delaware Ave., Suite 1015<br>Wilmington, DE 19801 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   stenographic, audio, and/or video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Christopher Viceconte |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Sona Enterprises DMCC
_____, who issues or requests this subpoena, are:
Christopher Viceconte, FBT Gibbons LLP, 300 Delaware Ave., Suite 1015, Wilmington, DE 19801 (302) 518-6322

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

## DEFINITIONS

1.      **"Sona"** refers to Sona Enterprises DMCC, its agents or representatives, and all other persons acting in concert with it or under its control, whether directly or indirectly, including any attorney, as well as its successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

2.      **"You"** or **"Your"** refers to [Delaware Entities], its agents or representatives, and all other persons acting in concert with it or under its control, whether directly or indirectly, including any attorney, as well as its successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

3.      "**Trax**" refers to Trax Ltd., a Cayman Islands company, its agents or representatives, and all other persons acting in concert with it or under its control, whether directly or indirectly, including any attorney, as well as its successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

4.      "**Project Thor Transaction**" refers to Trax's proposal to enter into an Equity Purchase Agreement pursuant to which it will sell the equity of certain businesses to G-3 Frax Acquisition, LLC, a Delaware limited liability company, with Trax Global Holdings LLC, a Delaware limited liability company, being party to the transaction, as described in the Notice to Shareholders dated November 17, 2025, and the ultimate consummation of that transaction.

1

5.      "**Liquidation**" refers to the proposed or potential voluntary liquidation of Trax, as described in the notice issued by Trax to its shareholders on May 21, 2026.

6.      "**Objections**" refers to Sona's January 27, 2026 objection to the Project Thor Transaction and Sona's June 5, 2026 objection to the Liquidation.

7.      "**G-3 FRAX Entities**" refers to G-3 FRAX ACQUISITION LLC, a Delaware limited liability company, G-3 FRAX AGGREGATOR LLC, a Delaware limited liability company, G-3 FRAX HOLDCO LLC, a Delaware limited liability company, G-3 FRAX INTERMEDIATE LLC, a Delaware limited liability company, G-3 FRAX PARENT LLC, a Delaware limited liability company, their agents or representatives, and all other persons acting in concert with them or under their control, whether directly or indirectly, including any attorney, as well as their successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

8.      "**Gemspring Capital, LLC**" refers to Gemspring Capital, LLC, its agents or representatives, and all other persons acting in concert with it or under its control, whether directly or indirectly, including any attorney, as well as its successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

2

9.    "**WorldAPP, Inc.**" refers to WorldAPP Inc. d/b/a Form.com, its agents or representatives, and all other persons acting in concert with it or under its control, whether directly or indirectly, including any attorney, as well as its successor companies, predecessor companies, joint ventures, subsidiaries and assigns.

10.    "**Communication**" shall mean all forms of contact, including written, oral, electronic, digital, or non-verbal, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information or opinion of any nature was recorded, transmitted, or transferred.

11.    **"Document"** shall have the broadest meaning possible under Rule 34(a)(1) of the Federal Rules of Civil Procedure, and shall include written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including but not limited to, papers, notes, electronic mail, contracts, agreements, drawings, telegrams, tape recordings, communications, reports, studies, working papers, partnership and corporate records, agendas and minutes of meetings, notebooks, bank deposit slips, bank checks, cancelled checks, diaries, diary entries, appointment books, desk calendars, electronic calendar entries, photographs, transcriptions or sound recordings of any type of telephone conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and includes any data, information or statistics contained within any data storage modules, tapes, discs, or

other memory device, or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs.

12. The term **"Document"** also includes data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices in a reasonably useable form, as well as all forms of electronically stored information or "ESI."  ESI includes but is not limited to e-mail, web pages, word processing files, audio and video files, images, computer databases, and virtually anything that is stored on a computing device -- including but not limited to servers, desktops, laptops, cell phones, hard drives, flash drives, PDAs, MP3 players, and any additional information that exists in a medium that can only be read through the use of computers.  Such media includes cache memory, magnetic disks (such as computer hard drives or floppy disks), optical disks (such as DVDs or CDs), the cloud, and magnetic tapes.

13. If any Document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified or other non-identical copy is a separate "Document."

14. **"Person"** shall mean any natural person and any corporation, partnership, association, joint venture, firm, proprietorship, government agency, board, authority, commission, or other business enterprise or legal entity, and includes both the singular and the plural.

4

15.    **"Relating to," "in connection with," "pertaining to,"** and **"involving"** shall mean in any manner affecting, arising from, concerning, considering, contradicting, controverting, derived from, describing, discussing, disputing, encompassing, evaluating, made or prepared in connection with or by reason of, mentioning, reflecting, rebutting, or refuting.

16.    **"Representative"** shall mean any person or entity who, directly or indirectly, represents in any manner or performs a task or engages in activities on behalf of or for the benefit of another person or entity, including all experts, agents, servants, employees, officials, officers, directors, managers, consultants, investigators, and attorneys.

17.    As used herein, the term **"any"** should be understood to include and encompass "all," and vice versa. The conjunctions **"and"** and **"or"** shall be interpreted conjunctively and shall not be interpreted disjunctively.  The term **"including"** shall be interpreted to mean "including and without limitation." The singular shall be interpreted to include the plural, and vice versa, except as the context may require.  References to one gender shall be interpreted to include the other gender.

## INSTRUCTIONS

1.    This subpoena covers all Documents falling into any of the specified categories that are within Your possession, custody, or control.  Without limitation

5

of these terms, a Document is within Your possession, custody, or control if You have actual possession or custody of the Document or if You have the right to obtain the document or a copy of the Document upon demand from any of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, subsidiaries, any person directly or indirectly employed by You or Your attorneys, or any other person or entity that has actual physical possession or custody of the document.

2.      You shall produce all documents as they are kept in the usual course of business.

3.      In selecting and numbering Documents, You shall ensure that the source and original location of each Document may be determined.

4.      A request for any Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

5.      If a Document exists in different versions, including without limitation different versions with handwritten, typewritten, or other recorded notes, editing marks, notations, comments, or similar markings, You shall produce all versions of the Document.

6

6.      To the extent that identification of a Document is sought herein and such Document is no longer in Your possession or custody, or subject to Your control, or in existence, state whether it:

    i.     is missing or lost;

    ii.    has been destroyed;

    iii.   has been transferred, voluntarily or involuntarily to others;

    iv.   has been otherwise disposed of, and, in each instance, explain the circumstances surrounding and authorization for such disposition thereof;

    v.    the date or approximate date thereof;

    vi.   the nature and type of the Document;

    vii.   the contents of said Document;

    viii.  the Document's file or code number;

    ix.   the number of pages of the Document;

    x.    the names and addresses of the Document's authors and the name and address of the company by which the authors were employed; and

    xi.   the person who authorized the transfer, destruction or other disposition of said Document.

7.      For each Document which is responsive to a specific Request, but which You do not intend to produce based upon the assertion of the claim of privilege or other asserted justification for non-production, e.g., attorney work-product, state:

    i.     the date of the Document and its dissemination or distribution;

7

ii.    the number of pages in and the nature and title of the Document, and a description of the general subject matter of the Document;

iii.    any identifying, index, or reference number for the Document or the file in which the Document is found, as well as the name of any such file;

iv.    the identity of each and every attachment or enclosure for the Document;

v.    the name, employer, and position of each author, preparer (other than stenographic or clerical personnel), sender, addressee, and recipient of the Document;

vi.    the name, employer, and position of each person now in possession of the original or a copy of the Document;

vii.    a statement of whether or not every line and paragraph of the Document is claimed to be subject to privilege, of the precise nature of the privilege being claimed, and of the facts which constitute the basis on which such privilege is claimed; and

viii.    the Request for Production of Documents to which the information in the Document is responsive.

8.    If You object to any request set forth in this subpoena, You should specifically state all grounds for Your objection, and state whether any Documents are being withheld on the basis of Your asserted objection.  If You object to the scope or breadth of a request, or if You object to only a portion of a request, You shall produce all other Documents that fall within the request but are not covered by Your asserted objection.

9.    All defined terms are capitalized.  Please refer to the Definitions whenever a defined term is used.

8

10.    If any produced Document requires redaction, that redaction should replace each individual's name with a unique identifier or code so that each individual's records can be separated and read together.

11.    This subpoena is to be deemed continuing in nature and should You learn of or locate any additional Documents called for by these Requests, You are obligated to immediately supplement the earlier response and produce the newly discovered Documents.

## DOCUMENTS TO BE PRODUCED

1. All Documents and Communications relating to the Project Thor Transaction, including relating to the assets acquired, valuation of the involved assets, the structure of the transaction, the parties to the transaction, the transaction's negotiation history, notices, corporate disclosures, shareholder consents, proxy materials, Board meetings, activity and approvals, deal process and pricing materials, special committee formation or activity, fairness opinions, the entity(ies) or Person(s) which owns and/or controls the image-recognition assets or other assets that were acquired, and price or consideration paid for the acquired assets.

2. All Documents and Communications relating to the Liquidation, including but not limited to, the role and nature of participation of the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Liquidation, and the current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Liquidation.

3. All Documents and Communications relating to the role and nature of participation of the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Project Thor Transaction, and the current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Project Thor Transaction.

9

4. All Documents and Communications identifying all entities or Persons involved with the financing of the Project Thor Transaction, along with the nature and amount of all such financing.

5. All Documents and Communications relating to the current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc., including, but not limited to, in relation to the Project Thor Transaction and the Liquidation.

6. All Documents and Communications relating to the relationship between and among Gemspring Capital, LLC or any Gemspring fund, management entity, sponsor, or other affiliate, on the one hand, and any of the G-3 FRAX Entities, on the other hand.

7. All Documents and Communications relating to the relationship between any director, officer, or controlling stockholder of Trax or any of its affiliates, on the one hand, and any of the parties to the Project Thor Transaction, including, but not limited to, the G-3 FRAX entities, WorldApp. Inc., or Gemspring Capital, LLC, on the other hand.

8. All Documents and Communications relating to any benefit obtained by any director, officer, or controlling stockholder of Trax or any of its affiliates as a result of the Project Thor Transaction or the Liquidation.

9. All Documents and Communications identifying the entity(ies) or Person(s) which owns and/or controls the image-recognition assets or other assets that were acquired pursuant to the Project Thor Transaction.

10. All Documents and Communications identifying the current and historical parent(s) or owner(s) of WorldAPP, Inc. d/b/a Form.com, and whether WorldAPP, Inc. d/b/a Form.com received, controls, or now operates or has ever operated any of the acquired image-recognition assets or other assets at issue in the Project Thor Transaction.

11. All Documents and Communications reflecting any mergers, conversions, name changes, contributions, assignments, cancellations, or post-closing restructuring transactions or activities relating to any entities associated with the Project Thor Transaction occurring after the closing of the Project Thor Transaction.

10

## **DEPOSITION TOPICS**

1. The Project Thor Transaction, including the assets acquired, the valuation of the involved assets, the structure of the transaction, the parties to the transaction, the transaction's negotiation history, notices, corporate disclosures, shareholder consents, proxy materials, Board meetings, activity and approvals, deal process and pricing materials, special committee formation or activity, fairness opinions, the entity(ies) or Person(s) which owns and/or controls the image-recognition assets or other assets that were acquired, and price or consideration paid for the acquired assets.

2. The role and nature of participation of the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Project Thor Transaction, and the current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Project Thor Transaction.

3. The Liquidation, including but not limited to, the role and nature of participation of the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Liquidation, and the current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc. in connection with the Liquidation.

4. The identification of all entities or Persons involved with the financing of the Project Thor Transaction, along with the nature and amount of all such financing.

5. The current and historical relationships between and among the G-3 FRAX Entities, Gemspring Capital LLC, and/or WorldAPP, Inc., including, but not limited to, in relation to the Project Thor Transaction and the Liquidation.

6. The relationship between and among Gemspring Capital, LLC or any Gemspring fund, management entity, sponsor, or other affiliate, on the one hand, and any of the G-3 FRAX Entities, on the other hand.

7. The relationship between any director, officer, or controlling stockholder of Trax or any of its affiliates, on the one hand, and any of the parties to the Project Thor Transaction, including, but not limited to, the G-3 FRAX Entities, WorldApp. Inc., or Gemspring Capital, LLC, on the other hand.

11

8. Any benefit obtained by any director, officer, or controlling stockholder of Trax or any of its affiliates as a result of the Project Thor Transaction or the Liquidation.

9. The identification of the entity(ies) or Person(s) which owns and/or controls the image-recognition assets or other assets that were acquired pursuant to the Project Thor Transaction.

10. The identification of the current and historical parent(s) or owner(s) of WorldAPP, Inc. d/b/a Form.com, and whether WorldAPP, Inc. d/b/a Form.com received, controls, or now operates or has ever operated any of the acquired image-recognition assets or other assets at issue in the Project Thor Transaction.

11. Any mergers, conversions, name changes, contributions, assignments, cancellations, or post-closing restructuring transactions or activities relating to any entities associated with the Project Thor Transaction occurring after the closing of the Project Thor Transaction.

12. Your knowledge of Trax's valuation prior to the Project Thor Transaction.

13. Your knowledge of shareholder approval requirements for the Project Thor Transaction.

14. Your knowledge of the November 2025 proxy regarding the Project Thor Transaction.

15. Your knowledge of deemed-consent provisions relating to the Project Thor Transaction.

16. Your knowledge of any shareholder objections to the Project Thor Transaction or to the Liquidation.

17. Your knowledge of Sona's Objections to the Project Thor Transaction or to the Liquidation.

18. Closing conditions relating to shareholder approval of the Project Thor Transaction.

19. Any concerns about defective approval relating to the Project Thor Transaction.

12

20. Any discussions, involving You or of which You were aware or a party, of the liquidation of Trax subsequent to the Project Thor Transaction.

21. The identification of all custodians of documents and non-custodial document repositories or sources responsive to the above Requests for Documents.